MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONCEPCION HERNANDEZ and MARIA HERNANDEZ, *individually and on behalf of others similarly situated*, | **Complaint** |
| | **RULE 23 and Collective Action under 29 U.S.C. § 216(b)** |
| *Plaintiffs*, | **ECF Case** |
| -against- | |
| MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS), MARTIN LEBEDIN, CORA B. LEBEDIN (a/k/a MARIA CORAZON), MARTY LEVIN, JOHN MAROUDAS and FAITH DOE, | |
| *Defendants.* | |

-------------------------------------------------------X

       Concepcion Hernandez and Maria Hernandez ("Plaintiffs"), individually and on behalf of

others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C.,

upon their knowledge and belief, and as against each of Defendants Marcofai Corp. (d/b/a

Hicksville Flowers & Fruiterers), ("Defendant Corporation"), Martin Lebedin, Cora B. Lebedin

(a/k/a Maria Corazon), Marty Levin, John Maroudas and Faith Doe (collectively, "Defendants"),

allege as follows:

## <u>NATURE OF THE ACTION</u>

1

1.      Plaintiffs are former employees of Defendants Marcofai Corp. (d/b/a Hicksville Flowers & Fruiterers), Martin Lebedin, Cora B. Lebedin (a/k/a Maria Corazon), Marty Levin, John Maroudas and Faith Doe who own and operate Hicksville Flowers & Fruiterers.

2.      Defendants own, operate, and/or control a flower shop located at 18 Newbridge Rd., Hicksville, New York 11801 under the name Hicksville Flowers & Fruiterers.

3.      Plaintiffs were employed by defendants as flower arrangement designers.

4.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked each week.

5.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs (and similarly situated employees) appropriately for any hours worked over 40 in a week.

6.      Further, Defendants failed to pay Plaintiffs (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

7.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

8.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York

Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

9.      Plaintiffs now bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure and seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

11.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

12.     Plaintiff Concepcion Hernandez ("Plaintiff Concepcion" or "Ms. Concepcion") is an adult individual residing in Nassau County, New York. She was employed by Defendants from approximately April 2011 until on or about February 2017.

13.     Plaintiff Maria Hernandez ("Plaintiff Maria" or "Ms. Maria") is an adult individual residing in Suffolk County, New York. She was employed by Defendants from approximately May 2011 until on or about February 8, 2017.

*Defendants*

14.     At all times relevant to this Complaint, Defendants own, operate, and/or control a flower shop located at 18 Newbridge Rd., Hicksville, New York 11801, under the name Hicksville Flowers & Fruiterers.

15.     Upon information and belief, Defendant Marcofai Corp. (d/b/a Hicksville Flowers & Fruiterers) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18 Newbridge Rd., Hicksville, New York 11801.

16.     Defendant Martin Lebedin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Martin Lebedin is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of the Defendant Corporation.

17.     Defendant Martin Lebedin possesses or possessed operational control over the Defendant Corporation, possesses or possessed an ownership interest in the Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation.

18.     Defendant Martin Lebedin determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

19.     Defendant Cora B. Lebedin (a/k/a Maria Corazon) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20.     Defendant Cora B. Lebedin (a/k/a Maria Corazon) is sued individually in her capacity as an owner, officer and/or agent of the Defendant Corporation.

21.     Defendant Cora B. Lebedin (a/k/a Maria Corazon) possesses or possessed operational control over Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

22.     Defendant Cora B. Lebedin (a/k/a Maria Corazon) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Marty Levin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.     Defendant Marty Levin is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

25.     Defendant Marty Levin possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

26.     Defendant Marty Levin determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant John Maroudas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.     Defendant John Maroudas is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

29.     Defendant John Maroudas possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

30.     Defendant John Maroudas determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

31.     Defendant Faith Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

32.     Defendant Faith Doe is sued individually in her capacity as an owner, officer and/or agent of the Defendant Corporation.

33.     Defendant Faith Doe possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

34.     Defendant Faith Doe determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

35.     Defendants operate a flower shop located at 18 Newbridge Rd., Hicksville, New York 11801, operating under the trade name Hicksville Flowers & Fruiterers.

36.     Individual Defendants Martin Lebedin, Cora B. Lebedin (a/k/a Maria Corazon), Marty Levin, John Maroudas and Faith Doe possess operational control over the Defendant Corporation, possess an ownership interest in the Defendant Corporation, and/or control significant functions of the Defendant Corporation.

37.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

39.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

40.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

41.     Upon information and belief, individual Defendants Martin Lebedin, Cora B. Lebedin (a/k/a Maria Corazon), Marty Levin, John Maroudas and Faith Doe operate the Defendant Corporation as either as alter egos of themselves, and/or fail to operate the Defendant Corporation as entities legally separate and apart from themselves by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

b.     defectively forming or maintaining the Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.  operating the Defendant Corporation for their own benefit as the sole or majority shareholders;

e.  operating the Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation or closely held controlled entity;

f.  intermingling assets and debts of their own with the Defendant Corporation;

g.  diminishing and/or transferring assets to protect their own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

42.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

43.     In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Hicksville Flowers & Fruiterers, such as roses, orchids and violets, were produced outside the state of New York.

*Plaintiffs*

45.     Plaintiffs are former employees of Defendants, who were employed as flower arrangement designers.

46.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Concepcion Hernandez*

47.     Plaintiff Concepcion was employed by Defendants from approximately April 2011 until on or about February 2017.

48.     Throughout her employment with defendants, Plaintiff Concepcion was employed as a flower arrangement designer.

49.     Plaintiff Concepcion regularly handled goods in interstate commerce, such as flowers and fruits produced outside the state of New York.

50.     Plaintiff Concepcion's work duties required neither discretion nor independent judgment.

51.     Plaintiff Concepcion regularly worked in excess of 40 hours per week.

52.     From approximately April 2011 until on or about December 2011, Plaintiff Concepcion worked from approximately 6:00 a.m. until on or about 11:00 p.m. seven days a week for two weeks prior to Mother's day and Thanksgiving Day, and from December 1 until December 25 (typically 119 hours per week).

53.     From approximately January 2012 until on or about December 2014, Plaintiff Concepcion worked from approximately 6:00 a.m. until on or about 11:00 p.m. seven days a week for two weeks prior to Valentine's Day, Easter, Mother's Day and Thanksgiving Day and from December 1 until December 25 each year (typically 119 hours per week).

54.     From approximately January 2015 until on or about February 2017 (with the exception of the periods prior to holidays outlined below), Plaintiff Concepcion worked from

approximately 7:00 a.m. until on or about 5:00 p.m., Tuesdays through Sundays (typically 60 hours per week).

55.     However, from approximately January 2015 until on or about February 2017, Plaintiff Concepcion worked from approximately 6:00 a.m. until on or about 11:00 p.m. seven days a week for two weeks prior to Valentine's Day, Easter, Mother's Day and Thanksgiving Day and from December 1 until December 25 each year (typically 119 hours per week).

56.     Throughout her employment with defendants, Plaintiff Concepcion was paid her wages in cash.

57.     From approximately April 2011 until on or about December 2014, Plaintiff Concepcion was paid $15.00 per hour.

58.     From approximately January 2015 until on or about February 2017, Plaintiff Concepcion was paid $18.00 per hour.

59.     Defendants allegedly granted Plaintiff Concepcion a 30 minute lunch break; however, she was only able to take it three days a week on normal weeks, and not take it at all during the weeks prior to holidays.

60.     Further, Defendants did not provide Plaintiff Concepcion with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

61.     No notification, either in the form of posted notices or other means, was given to Plaintiff Concepcion regarding overtime and wages under the FLSA and NYLL.

62.     Defendants never provided Plaintiff Concepcion with a written notice, in English and in Spanish (Plaintiff Concepcion's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Plaintiff Maria was employed by Defendants from approximately May 2011 until on or about July 2016 and from approximately August 2016 until on or about February 8, 2017.

64.     Throughout her employment with defendants, Plaintiff Maria was employed as a flower arrangement designer.

65.     Plaintiff Maria regularly handled goods in interstate commerce, such as flowers and other supplies produced outside the state of New York.

66.     Plaintiff Maria's work duties required neither discretion nor independent judgment.

67.     Plaintiff Maria regularly worked in excess of 40 hours per week.

68.     From approximately May 2011 until on or about February 2017 (with the exception of the periods prior to holidays outlined below), Plaintiff Maria worked from approximately 7:00 a.m. until on or about 3:00 p.m., four days a week and from approximately 7:00 a.m. until on or about 5:00 p.m. two days a week (typically 44 hours per week).

69.     However, from approximately May 2011 until on or about December 2011, Plaintiff Maria worked from approximately 7:00 a.m. until on or about 11:00 p.m. seven days a week for two weeks prior to Mother's day and Thanksgiving Day and from December 1 until December 25 (typically 112  hours per week).

70.     Similarly, from approximately January 2012 until on or about February 2017, Plaintiff Maria worked from approximately 7:00 a.m. until on or about 11:00 p.m. seven days a week for two weeks prior to Valentine's Day, Easter, Mother's Day and Thanksgiving Day and from December 1 until December 25 each year (typically 112 hours per week).

71.     Throughout her employment with defendants, Plaintiff Maria was paid her wages in cash.

72.     From approximately May 2011 until on or about May 2013, Plaintiff Maria was paid $15.00 per hour.

73.     From approximately May 2013 until on or about September 2015, Plaintiff Maria was paid $15.50 per hour.

74.     From approximately September 2015 until on or about February 8, 2017, Plaintiff Maria was paid $16.00 per hour.

75.     Although defendants allegedly granted Plaintiff Maria a 30 minute break, she was rarely able to take it.

76.     Further, Defendants did not provide Plaintiff Maria with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

77.     No notification, either in the form of posted notices or other means, was given to Plaintiff Maria regarding overtime and wages under the FLSA and NYLL.

78.     Defendants never provided Plaintiff Maria with each payment of wages a statement of wages, as required by NYLL 195(3).

79.     Defendants never provided Plaintiff Maria, any notice in English and in Spanish (Plaintiff Maria's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

80.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40

12

hours per week without paying them appropriate overtime pay and spread of hours compensation, as required by federal and state laws.

81.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

82.     Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

83.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

84.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

85.     Plaintiffs were paid their wages in cash.

86.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

87.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.     Plaintiffs bring their FLSA overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class"), who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA and Rule 23 Class").

91.     At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

92.     At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

93.     The claims of Plaintiffs stated herein are similar to those of the other employees.


## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

94.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

95.     Plaintiffs bring their New York Labor Law overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

96.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

97.     There are questions of law and fact common to the Class including:

a. what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c. whether Defendants failed and/or refused to pay Plaintiffs the overtime wages at the premium rate within the meaning of the New York Labor Law;

d. whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

e. whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g. what are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for overtime work.

98. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

99.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

100.    The common questions of law and fact predominate over questions affecting only individual members.

101.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

102.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

103.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

105.     Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA and Rule 23 class members ) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

106.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Violation of the Overtime Provisions of the New York Labor Law)**

108.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110.     Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

111.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)**

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

115.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiffs' (and the FLSA and Rule 23 class members ) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

116.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
**(Violation of the Notice and Record Keeping Requirements of the New York Labor Law)**

117.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
**(Violation of the Wage Statement Provisions of the New York Labor Law)**

120.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

121.     Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

122.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective and Rule 23 class action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members ;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 class members ' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA and Rule 23 class members ;

(e)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken

against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 Class members;

(h)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the FLSA and Rule 23 Class members;

(i)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA and Rule 23 class members ;

(k)    Awarding Plaintiffs and the FLSA and Rule 23 class members  damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)     Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiffs and the FLSA and Rule 23 class members  the expenses incurred in this action, including costs and attorneys' fees; and

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiffs Concepcion Hernandez and Maria Hernandez demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 16, 2017


MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace, Esq.
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 8, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Concepcion Hernandez

                                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:                      *Concepcion Hernandn*

                                        08 de febrero de 2017

Date / Fecha:

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 8, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Maria E. Hernandez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           08 de febrero de 2017