UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CONCEPCION HERNANDEZ and MARIA HERNANDEZ, individually and on behalf of other similarly situated,

                                 Plaintiffs,

-against-

MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS), MARTIN LEBEDIN, CORA B. LEBEDIN (a/k/a MARIA CORAZON), MARTY LEVIN, JOHN MAROUDAS and FAITH DOE,

                                 Defendants.

---------------------------------------------------------------x

Our File No. 17496LLRCB

Rule 23 and Collective Action under 29 U.S.C. §216(b)

ECF Case No. 17cv887(JFB)(GRB)

**ANSWER**

SIRS:

    Defendants, MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS) MARTIN LEBEDIN and CORA B. LEBEDIN, by and through their attorneys, BAXTER SMITH & SHAPIRO, P.C., answering the plaintiffs' Complaint, upon information and belief, state(s) as follows:

    1.    Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "1," referring all conclusions of law and fact to the court.

    2.    Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "2," except admit that the flower shop was owned by Marcofai Corp. and referring all conclusions of law and fact to the court.

    3.    Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "3," except admit that the plaintiffs were employed by Marcofai Corp. and referring all conclusions of law and fact to the court.

4. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "4," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

5. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "5," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

6. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "6," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

7. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "7," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "8" and referring all conclusions of law and fact to the court.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "9" and referring all conclusions of law and fact to the court.

10. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "10," referring all conclusions of law and fact to the court.

11. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "11," except admit that plaintiffs were employed by Marcofai Corp. and referring all conclusions of law and fact to the court.

12. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "12," except admit that plaintiffs were employed by Marcofai Corp. and referring all conclusions of law and fact to the court.

13. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "13," except admit that plaintiffs were employed by Marcofai Corp. and referring all conclusions of law and fact to the court.

14. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "14," except admit that Marcofai Corp. owned the flower shop located at 18 Newbridge Road, Hicksville, New York 11801 and referring all conclusions of law and fact to the court.

15. Admit to the allegations of the Complaint as contained in the paragraph thereof numbered "15."

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "16," except admit that Martin Lebedin owned Marcofai Corp.

17. Admit to the allegations of the Complaint as contained in the paragraph thereof numbered "17" and referring all conclusions of law and fact to the court.

18. Admit to the allegations of the Complaint as contained in the paragraph thereof numbered "18" and referring all conclusions of law and fact to the court.

19. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "19," referring all conclusions of law and fact to the court.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "20."

21. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "21," referring all conclusions of law and fact to the court.

22. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "22," referring all conclusions of law and fact to the court.

23. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "23."

24. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "24."

25. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "25."

26. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "26."

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "27."

28. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "28."

29. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "29."

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "30."

31. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "31."

32. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "32."

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "33."

34. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "34."

35. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "35," except admit that Marcofai Corp. operated the flower shop located at 18 Newbridge Road, Hicksville, New York 11801, referring all conclusions of law and fact to the court.

36. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "36," except admit that Martin Lebedin owned and operated Marcofai Corp., referring all conclusions of law and fact to the court.

37. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "37," referring all conclusions of law and fact to the court.

38. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "38," referring all conclusions of law and fact to the court.

39. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "39," referring all conclusions of law and fact to the court.

40. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "40," referring all conclusions of law and fact to the court.

41. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "41," referring all conclusions of law and fact to the court.

42. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "42," referring all conclusions of law and fact to the court.

43. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "43."

44. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "44."

45. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "45," except admit that plaintiffs worked for Marcofai Corp., referring all conclusions of law and fact to the court.

46. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "46."

47. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "47," referring all conclusions of law and fact to the court.

48. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "48."

49. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "49."

50. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "50," referring all conclusions of law and fact to the court.

51. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "51," referring all conclusions of law and fact to the court.

52. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "52," referring all conclusions of law and fact to the court.

53. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "53," referring all conclusions of law and fact to the court.

54. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "54," referring all conclusions of law and fact to the court.

55. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "55," referring all conclusions of law and fact to the court.

56. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "56."

57. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "57," referring all conclusions of law and fact to the court.

58. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "58," referring all conclusions and fact to the court.

59. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "59," referring all conclusions of law and fact to the court.

60. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "60."

61. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "61."

62. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "62."

63. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "63," referring all conclusions of law and fact to the court.

64. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "64."

65. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "65."

66. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "66," referring all conclusions of law and fact to the court.

67. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "67," referring all conclusions of law and fact to the court.

68. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "68," referring all conclusions of law and fact to the court.

69. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "69," referring all conclusions of law and fact to the court.

70. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "70," referring all conclusions of law and fact to the court.

71. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "71."

72. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "72."

73. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "73."

74. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "74."

75. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "75," referring all conclusions of law and fact to the court.

76. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "76."

77. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "77."

78. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "78."

79. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "79."

80. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "80," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

81. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "81," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

82. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "82," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

83. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "83," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

84. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "84," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

85. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "85."

86. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "86," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

87. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "87," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

88. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "88," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

89. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "89," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

90. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "90."

91. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "91."

92. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "92," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

93. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "93," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

94. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "94."

95. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "95," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

96. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "96," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

97. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "97," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

98. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "98," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

99. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "99," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

100. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "100," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

101. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "101," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

102. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "102," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

103. The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "103" with the same force and effect as though set forth more fully herein at length.

104. Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "104," except admit that plaintiffs worked for Marcofai Corp. and referring all conclusions of law and fact to the Court.

105. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "105," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

106. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "106," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

107. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "107," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

108. The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "108" with the same force and effect as though set forth more fully herein at length.

109. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "109," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

110. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "110," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

111. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "111," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

112. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "112," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

113. The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "113" with the same force and effect as though set forth more fully herein at length.

114. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "114," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

115. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "115," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

116. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "116," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

117. The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "117" with the same force and effect as though set forth more fully herein at length.

118. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "118," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

119. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "119," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

120. The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "120" with the same force and effect as though set forth more fully herein at length.

121. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "121," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

122. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "122," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

123. The Complaint should be dismissed for failure to state a cause of action against the answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

124. Plaintiffs were under an obligation to mitigate their damages and have failed to do so.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

125. The complaint is barred by the doctrine of Unclean Hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

126. The plaintiffs have failed to comply with all conditions precedent to suit including, but not limited to, the failure to exhaust appropriate administrative processes.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

127. The answering Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff or putative members of the purported class as set forth in the Complaint, and the answering Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs or putative members of the purported class as set forth in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

128. The Complaint, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiff and putative members of the purported class as set forth in the Complaint failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFFS, THE ANSWERING DEFENDANTS MARCOFAI CORP., (d/b/a HICKSVILLE FLOWERS & FRUITERERS), MARTIN LEBEDIN and CORA B. LEBEDIN, ALLEGE THE FOLLOWING:

129. The plaintiffs shall be liable to the answering defendants for their attorneys fees incurred in the defense of the within action to the extent that the defendants are the prevailing party in the within action.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, MARTY LEVIN, JOHN MAROUDAS and FAITH DOE, THE ANSWERING DEFENDANTS, MARCOFAI CORP., (d/b/a HICKSVILLE FLOWERS & FRUITERERS), MARTIN LEBEDIN and CORA B. LEBEDIN, ALLEGE THE FOLLOWING:

130. In the event that the plaintiffs recover any judgment against the defendants herein, the answering defendants demand that any judgment be divided among all defendants in accordance with the degree of culpability of each herein, and further demand that the answering defendants be granted indemnification in accordance with any applicable contracts, agreements, warranties, express or implied, or by reason of the acts or omissions of the other defendants herein.

**WHEREFORE**, defendants, Marcofai Corp. (d/b/a Hickville Flowers and Fruiterers), Martin Lebedin and Cora B. Lebedin, demand judgment dismissing the complaint herein or, in the alternative, judgment on the counterclaim against the plaintiffs and/or the cross-claim against the co-defendants, for the amount of any judgment obtained against the answering defendants, by the plaintiffs, or on the basis of the apportionment or responsibility in such amounts as a jury or Court may direct, together with the costs, disbursements and expenses of this action, including attorneys' fees.

Dated:        White Plains, New York
                April 6, 2017

                                    Yours, etc.,

                                    BAXTER SMITH & SHAPIRO, P.C.

                                    By:   <u>/s/ Sim R. Shapiro</u>
                                           Sim R. Shapiro
                                           (SRS 3465)
                                  Attorneys for Defendants
                                  MARCOFAI CORP. (d/b/a HICKSVILLE
                                  FLOWERS & FRUITERERS) MARTIN
                                  LEBEDIN and CORA B. LEBEDIN
                                  200 Mamaroneck Avenue, Suite 601
                                  White Plains, NY 10601
                                  (914) 684-1055

TO:

MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
(212) 317-1620 (f)

## AFFIDAVIT OF SERVICE BY ELECTRONIC FILING

STATE OF NEW YORK )
COUNTY OF WESTCHESTER) ss.:

  ELSA A. COLOTTI, being duly sworn, deposes and says:

  Deponent is not a party to the action, is over 18 years of age and resides in Westchester, New York.

  On 6th day of April, 2017, deponent served the within **ANSWER**, upon the following at their respective addresses:

TO:

MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
(212) 317-1620 (f)

by ELECTRONIC FILING.

/s/
_____
ELSA A. COLOTTI

Sworn to before me this
6th day of April, 2017

/s/
_____
NOTARY PUBLIC

**SIM R. SHAPIRO**
**Notary Public, State of New York**
**Reg. No 02SH6008722**
**Qualified in Westchester County**
**My Commission Expires June 15, 2018**

ECF Case No. 2:17-cv-00887(JFB)(GRB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CONCEPCION HERNANDEZ and MARIA HERNANDEZ, individually and on behalf of other similarly situated,

                    Plaintiffs,

-against-

MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS), MARTIN LEBEDIN, CORA B. LEBEDIN (a/k/a MARIA CORAZON), MARTY LEVIN, JOHN MAROUDAS and FAITH DOE,
                     Defendants.

---

## ANSWER

---

# BAXTER SMITH & SHAPIRO, P.C.

Attorneys at Law
Attorneys for Defendants
200 MAMARONECK AVENUE, SUITE 601
WHITE PLAINS, NEW YORK 10601
(914) 684-1055