UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

CONCEPCION HERNANDEZ and MARIA
HERNANDEZ, individually and on behalf of other
similarly situated,

                                   Plaintiffs,

        -against-

MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS
& FRUITERERS), JOHN DOE CORP. (d/b/a
HICKSVILLE FLOWERS & FRUITERERS),
MARTIN LEBEDIN, CORA B. LEBEDIN (a/k/a
MARIA CORAZON), MARTY LEVIN, JOHN
MAROUDAS and FAITH BARRESE (a/k/a  FAITH
LEBEDIN),

                                 Defendants.

-------------------------------------------------------------------x

Our File No. 17496LLRCB

Rule 23 and Collective  Action
under 29 U.S.C. §216(b)

ECF Case No. 17cv887(JFB)(GRB)

**ANSWER**

S I R S :

    Defendants,  MARCOFAI  CORP.  (d/b/a  HICKSVILLE  FLOWERS  &
FRUITERERS) MARTIN LEBEDIN,CORA B. LEBEDIN, and FAITH BARRESE (a/k/a
FAITH LEBEDIN), by and through their attorneys, BAXTER SMITH & SHAPIRO, P.C.,
answering  the  plaintiffs  First  Amended  Complaint  (hereinafter  "the  Complaint"),  upon
information and belief, state as follows:

    1.    Deny  each  and  every  allegation  of  the  Complaint  as  contained  in  the
paragraph thereof numbered "1," referring all conclusions of law and fact to the court.

    2.    Deny  each  and  every  allegation  of  the  Complaint  as  contained  in  the
paragraph thereof numbered "2," except admit that the flower shop was owned by Marcofai
Corp. and referring all conclusions of law and fact to the court.

    3.    Deny  each  and  every  allegation  of  the  Complaint  as  contained  in  the
paragraph  thereof  numbered  "3,"  except  admit  that  the  plaintiffs  were  employed  by
Marcofai Corp. and referring all conclusions of law and fact to the court.

1

4.      Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "4," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

5.      Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "5," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

6.      Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "6," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

7.      Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "7," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

8.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "8" and referring all conclusions of law and fact to the court.

9.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "9" and referring all conclusions of law and fact to the court.

10.     Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "10," referring all conclusions of law and fact to the court.

11.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "11," except admit that plaintiffs were employed by Marcofai Corp. and referring all conclusions of law and fact to the court.

12.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "12," except admit that plaintiffs were employed by Marcofai Corp. and referring all conclusions of law and fact to the court.

13.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "13," except admit that plaintiffs were employed by Marcofai Corp. and referring all conclusions of law and fact to the court.

14.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "14," except admit that Marcofai Corp. once owned the flower shop located at 18 Newbridge Road, Hicksville, New York 11801 and referring all conclusions of law and fact to the court.

15.     Admit to the allegations of the Complaint as contained in the paragraph thereof numbered "15."

16.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "16."

17.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "17," except admit that at one time Martin Lebedin owned Marcofai Corp., referring all conclusions of law and fact to the court.

18.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "18," except admit that at one time Martin Lebedin owned Marcofai Corp., referring all conclusions of law and fact to the court.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "19," except

admit that at one time Martin Lebedin owned Marcofai Corp., referring all conclusions of law and fact to the court.

20.     Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "20," referring all conclusions of law and fact to the court.

21.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "21."

22.     Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "22," referring all conclusions of law and fact to the court.

23.     Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "23," referring all conclusions of law and fact to the court.

24.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "24."

25.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "25."

26.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "26."

27.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "27."

28.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "28."

29.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "29."

30.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "30."

31.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "31."

32.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "32."

33.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "33."

34.     Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "34" referring all conclusions of law and fact to the court

35.     Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "35," referring all conclusions of law and fact to the court

36.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "36," except admit that at one time Marcofai Corp. operated the flower shop located at 18 Newbridge Road, Hicksville, New York 11801, referring all conclusions of law and fact to the court.

37.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "37," except admit that at one time Martin Lebedin owned and operated Marcofai Corp., referring all conclusions of law and fact to the court.

38.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "38," referring all conclusions of law and fact to the court.

39.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "39," referring all conclusions of law and fact to the court.

40.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "40," referring all conclusions of law and fact to the court.

41.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "41," referring all conclusions of law and fact to the court.

42.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "42," referring all conclusions of law and fact to the court.

43.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "43," referring all conclusions of law and fact to the court.

44.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "44."

45.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "45."

46.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "46," except admit that plaintiffs worked at Marcofai Corp., referring all conclusions of law and fact to the court.

47.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "47."

48.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "48," referring all conclusions of law and fact to the court.

49.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "49," referring all conclusions of law and fact to the court.

50.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "50," referring all conclusions of law and fact to the court.

51. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "51," referring all conclusions of law and fact to the court.

52. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "52," referring all conclusions of law and fact to the court.

53. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "53," referring all conclusions of law and fact to the court.

54. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "54," referring all conclusions of law and fact to the court.

55. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "55," referring all conclusions of law and fact to the court.

56. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "56," referring all conclusions of law and fact to the court.

57. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "57," referring all conclusions of law and fact to the court.

58. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "58," referring all conclusions of law and fact to the court.

59. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "59," referring all conclusions and fact to the court.

60. Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "60," referring all conclusions of law and fact to the court.

61.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "61."

62.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "62."

63.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "63."

64.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "64," referring all conclusions of law and fact to the court.

65.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "65," referring all conclusions of law and fact to the court.

66.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "66," referring all conclusions of law and fact to the court.

67.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "67," referring all conclusions of law and fact to the court.

68.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "68," referring all conclusions of law and fact to the court.

69.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "69," referring all conclusions of law and fact to the court.

70.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "70," referring all conclusions of law and fact to the court.

71.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "71," referring all conclusions of law and fact to the court.

72.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "72," referring all conclusions of law and fact to the court.

73.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "73," referring all conclusions of law and fact to the court.

74.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "74," referring all conclusions of law and fact to the court.

75.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "75," referring all conclusions of law and fact to the court.

76.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "76," referring all conclusions of law and fact to the court.

77.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "77," referring all conclusions of law and fact to the court.

78.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "78," referring all conclusions of law and fact to the court.

79.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "79," referring all conclusions of law and fact to the court.

80.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "80," referring all conclusions of law and fact to the court.

81.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "81," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

82.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "82," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

83.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "83," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

84.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "84," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

85.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "85," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

86.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "86," referring all conclusions of law and fact to the court.

87.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "87," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

88.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "88," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

89.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "89," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

90.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "90," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

91.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "91," referring all conclusions of law and fact to the court.

92.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "92."

93.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "93," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

94.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "94," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

95.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "95."

96.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of the Complaint as contained in paragraph thereof numbered "96," referring all conclusions of law and fact to the court.

97.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "97," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

98.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "98," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

99.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "99," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

100.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "100," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

101.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "101," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

102.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "102," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

103.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "103," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

104.    The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "103" with the same force and effect as though set forth more fully herein at length.

105.    Deny each and every allegation of the Complaint as contained in the paragraph thereof numbered "105," except admit that plaintiffs worked at Marcofai Corp., referring all conclusions of law and fact to the Court.

106.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "106," insofar as they refer to these answering defendants, referring all conclusions of law and fact to the court.

107.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "107," insofar as they refer to these answering defendants, referring all conclusions of law and fact to the court.

108.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "108," insofar as they refer to these answering defendants, referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

109.    The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "108" with the same force and effect as though set forth more fully herein at length.

110.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "110," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

111.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "111," insofar as they refer to these answering defendants, referring all conclusions of law and fact to the court.

112.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "112," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

113.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "113," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

114.    The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "113" with the same force and effect as though set forth more fully herein at length.

115.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "115," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

116.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "116," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

117.    Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "117," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

118.     The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "117" with the same force and effect as though set forth more fully herein at length.

119.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "119," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

120.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "120," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

121.     The answering defendants repeat, reiterate and reallege each and every answer to the allegations contained in the paragraphs of the complaint thereof numbered "1" through "120" with the same force and effect as though set forth more fully herein at length.

122.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "122," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

123.     Deny each and every allegation of the Complaint as contained in paragraph thereof numbered "123," insofar as they refer to these answering defendants and referring all conclusions of law and fact to the court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

124.     The Complaint should be dismissed for failure to state a cause of action against the answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

125.    Plaintiffs were under an obligation to mitigate their damages and have failed to do so.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

126.    The complaint is barred by the doctrine of Unclean Hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

127.    The plaintiffs have failed to comply with all conditions precedent to suit including, but not limited to, the failure to exhaust appropriate administrative processes.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

128.    The answering Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff or putative members of the purported class as set forth in the Complaint, and the answering Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs or putative members of the purported class as set forth in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

129.    The Complaint, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiff and putative members of the purported class as set forth in the Complaint failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

130.    One or more of these answering defendants have been discharged in bankruptcy.

**AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFFS, THE ANSWERING MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS) MARTIN LEBEDIN,CORA B. LEBEDIN, and FAITH BARRESE (a/k/a  FAITH LEBEDIN), ALLEGE THE FOLLOWING:**

131.    The plaintiffs shall be liable to the answering defendants for their attorneys fees incurred in the defense of the within action to the extent that the defendants are the prevailing party in the within action.

**AS AND FOR A CROSS-CLAIM AGAINST JOHN MOURADAS, MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS) MARTIN LEBEDIN,CORA B. LEBEDIN, and FAITH BARRESE (a/k/a  FAITH LEBEDIN), ALLEGE THE FOLLOWING:**

132.    In the event that the plaintiffs recover any judgment against the defendants herein, the answering defendants demand that any judgment be divided among all defendants in accordance with the degree of culpability of each herein, and further demand that the answering defendants be granted indemnification in accordance with any applicable contracts, agreements, warranties, express or implied, or by reason of the acts or omissions of the other defendants herein.

**WHEREFORE**, defendants, Marcofai Corp. (d/b/a Hickville Flowers and Fruiterers), Martin Lebedin, Cora B. Lebedin, and Faith Barrese, demand judgment dismissing the complaint herein or, in the alternative, judgment on the counterclaim against the plaintiffs and/or the cross-claim against the co-defendant, for the amount of any judgment obtained against the answering defendants, by the plaintiffs, or on the basis of the

apportionment or responsibility in such amounts as a jury or Court may direct, together with the

costs, disbursements and expenses of this action, including attorneys' fees.

Dated:        White Plains, New York
                August 9, 2018

                                  Yours, etc.,

                                  BAXTER SMITH & SHAPIRO, P.C.

                                  By:   /s/ Sim R. Shapiro
                                      Sim R. Shapiro
                                      (SRS 3465)
                                  Attorneys for Defendants
                                  MARCOFAI CORP. (d/b/a HICKSVILLE
                                  FLOWERS & FRUITERERS) MARTIN
                                  LEBEDIN, CORA B. LEBEDIN and FAITH
                                  BARRESE (a/k/a FAITH LEBEDIN)
                                  200 Mamaroneck Avenue, Suite 601
                                  White Plains, NY 10601
                                  (914) 684-1055

TO:

MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
(212) 317-1620 (f)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CONCEPCION HERNANDEZ and MARIA
HERNANDEZ, individually and on behalf of other
similarly situated,

                                     Plaintiffs,

      -against-

MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS
& FRUITERERS), JOHN DOE CORP. (d/b/a
HICKSVILLE FLOWERS & FRUITERERS),
MARTIN LEBEDIN, CORA B. LEBEDIN (a/k/a
MARIA CORAZON), MARTY LEVIN, JOHN
MAROUDAS and FAITH BARRESE (a/k/a  FAITH
LEBEDIN),

                                  Defendants.
-------------------------------------------------------------------x

Our File No. 17496LLRCB

Rule 23 and Collective  Action
under 29 U.S.C. §216(b)

ECF Case No. 17cv887(JFB)(GRB)

**NOTICE OF EXAMINATION
BEFORE TRIAL**

C O U N S E L O R S :

      PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and

Rules, defendants, MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS)

MARTIN  LEBEDIN,  CORA  B.  LEBEDIN  and  FAITH  BARRESE  (a/k/a  FAITH

LEBEDIN), by their attorneys, BAXTER SMITH & SHAPIRO, P.C. will cause the testimony,

upon oral examination of all adverse parties herein to be taken before a notary public who is not

an attorney, or employee of an attorney, for any party or prospective party herein and is not a

person  who  would  be  disqualified  to  act  as  a  juror  because  of  interest  or  because  of

consanguinity or affinity to any party herein, at the  United States District Court for  the Eastern

District of New York, Courthouse **on October 10, 2018 at 10:00 a.m.** with respect to all

relevant  facts  and  circumstances  in  connection  with  the  issues  alleged  in  the  amended

complaint, including negligence, contributory negligence, liability or damages.

1

Said persons to be examined are required to produce all books, records, printed materials, objects and papers in their custody and possession that may be relevant to the issues herein.

Dated:         White Plains, New York
               August 9, 2018

                                  Yours, etc.,

                                  BAXTER SMITH & SHAPIRO, P.C.

                                  By:    /s/ Sim R. Shapiro
                                        Sim R. Shapiro
                                      (SRS 3465)
                                  Attorneys for Defendants
                                  MARCOFAI CORP. (d/b/a HICKSVILLE
                                  FLOWERS & FRUITERERS) MARTIN
                                  LEBEDIN, CORA B. LEBEDIN and FAITH
                                  BARRESE (a/k/a FAITH LEBEDIN)
                                  200 Mamaroneck Avenue, Suite 601
                                  White Plains, NY 10601
                                  (914) 684-1055

TO:

MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
(212) 317-1620 (f)

2

## <u>AFFIDAVIT OF SERVICE BY ELECTRONIC FILING</u>

STATE OF NEW YORK  )
COUNTY OF WESTCHESTER) ss.:

      ELSA A. COLOTTI, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of  age and resides in Westchester, New York.

      On  9th day of  August, 2018, deponent served the within **ANSWER WITH NOTICE OF EXAMINATION BEFORE TRIAL**, upon the following at their respective addresses:

TO:

MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
(212) 317-1620 (f)

by ELECTRONIC FILING.

 

_____
        ELSA A. COLOTTI

Sworn to before me this
9th day of August, 2018

_____
NOTARY PUBLIC

**SIM R. SHAPIRO**
**Notary Public, State of New York**
**Reg. No 02SH6008722**
**Qualified in Westchester County**
**My Commission Expires June 15, 2022**

19

ECF Case No. 2:17-cv-00887(JFB)(GRB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CONCEPCION HERNANDEZ and MARIA HERNANDEZ, individually and on behalf of other
similarly situated,

Plaintiffs,

-against-

MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS), JOHN DOE CORP.
(d/b/a HICKSVILLE FLOWERS & FRUITERERS), MARTIN LEBEDIN, CORA B. LEBEDIN
(a/k/a MARIA CORAZON), MARTY LEVIN, JOHN MAROUDAS and FAITH BARRESE
(a/k/a  FAITH LEBEDIN),

Defendants.

## ANSWER with NOTICE OF EXAMINATION BEFORE TRIAL

# BAXTER SMITH & SHAPIRO, P.C.
Attorneys at Law
Attorneys for Defendants
**MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS) MARTIN
LEBEDIN,CORA B. LEBEDIN, and FAITH BARRESE (a/k/a  FAITH LEBEDIN)**
200 MAMARONECK AVENUE, SUITE 601
WHITE PLAINS, NEW YORK  10601
(914) 684-1055