# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

August 18, 2022

**BY ECF**

Honorable Judge Gary R. Brown
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, NY 11722-9014

<u>Hernandez et al v. Marcofai Corp. Et al;</u>
17-cv-887

Your Honor:

  This office represents Maria Hernandez and Concepcion Hernandez in the above referenced matter. Plaintiffs write jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

  The terms of the Agreement provide that, in exchange for Plaintiffs discontinuing this litigation and executing a release of their wage and hour claims in favor of Defendants, Defendants shall pay the total gross amount of one hundred twenty thousand dollars ($120,000.00) (the "Settlement Amount"), as described in the Agreement. The Agreement was reached subsequent to a Settlement Conference with Hon. Steven Tiscione.

## Background

  Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

  Plaintiffs are two former employees of the Defendants, who operate(d) a flower shop located in Hicksville, New York. They worked for Defendants from 2011 through 2017. During their employment with Defendants, Plaintiff Maria was paid a flat hourly rate of $15.00 and later $15.50 per hour, while Plaintiff Concepcion was paid a flat hourly rate of $15.00 and later

Page 2

$18.00 per hour. Plaintiffs further aver that they were not paid the applicable overtime rates, and that Defendants did not adhere to New York notice and recordkeeping requirements.

1. **<u>Settlement Terms</u>**

Were they to prevail on every issue of fact, Plaintiffs estimate that they would together be entitled to $105,399.00 in back wages, split equally between them.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

This settlement is also reasonable due to the many risks associated with litigating this matter, including most pertinently the financial situation of the Defendants. Defendants aver that the subject store has closed, and the Defendants' have experienced extreme financial hardship due to the ongoing Covid-10 pandemic. The corporate defendant has additionally filed for bankruptcy. Plaintiffs are satisfied that the Agreement represents a fair compromise. Given that this litigation has been pending for approximately five years at this point, the Plaintiffs have elected to settle for this amount at this juncture rather than wait longer for an uncertain result that they may be unable to collect.

Considering the foregoing risks in this case, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

2. **<u>Plaintiff's Attorneys' Fees are Fair and Reasonable</u>**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $6,600.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff' recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $18,311.00. A copy of Plaintiff's billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early

settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiffs have agreed to the fee provided for in the Agreement.

A brief biography of each Plaintiff's attorney who performed billed work in this matter is as follows:

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Sara Isaacson ("SI") was an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. When she worked at Michael Faillace & Associates, P.C. in May 2017, she was responsible for all aspects of the firm's employment docket in federal court. Her regular billing rate was $300 per hour.

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

       iii.      Clela A. Errington is an associate at CSM Legal, P.C. She is a 2012 graduate of New York University School of Law. She began her career at Eisner & Mirer, P.C. (now Eisner, Dictor & LaMadrid), specializing in labor law, followed by several years providing litigation support to large law firms including Cravath Swaine & Moore, LLP. She returned to active litigation practice in 2019, joining the Jones Law Firm, P.C., specializing in workers' and debtors' rights, followed by Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021, practicing exclusively plaintiff-side wage and hour law. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        /s/
                                        Clela Errington
                                        CSM LEGAL, P.C.
                                        Attorneys for the Plaintiff

Enclosures