UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CONCEPCION HERNANDEZ and MARIA HERNANDEZ, *individually and on behalf of others similarly situated,*

                    *Plaintiffs,*

-against-

MARCOFAI CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS), JOHN DOE CORP. (d/b/a HICKSVILLE FLOWERS & FRUITERERS), MARTIN LEBEDIN, CORA B. LEBEDIN (a/k/a MARIA CORAZON), MARTY LEVIN, JOHN MAROUDAS and FAITH BARRESE (a/k/a FAITH LEBEDIN

                    *Defendants.*

Case No. 17-cv-887

**SETTLEMENT AGREEMENT AND RELEASE**

---

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Concepcion Hernandez ("Plaintiff Concepcion") and Maria Hernandez ("Plaintiff Maria") on the one hand, Marcofai Corp. (d/b/a Hicksville Flowers & Fruiterers. ("Corporate Defendant") Martin Lebedin, Cora B. Lebedin (a/k/a Maria Corazon), John Maroudas, and Faith Barrese (a/k/a Faith Lebedin) ("Individual Defendants", collectively, "Defendants") on the other hand.

    WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

    WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York District of New York, Civil Action No. 17-cv-887: (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective

Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Twenty Thousand Dollars and No Cents ($20,000.00) (the "Settlement Amount") to be paid to Plaintiffs via their attorneys, CSM Legal, P.C. as follows:

    a. A First Payment of Ten Thousand Dollars and Zero Cents ($10,000.00) to be paid no later than thirty (30) days after Court approval of this Agreement and to consist of:

        i. One check in the amount of Three Thousand Three Hundred Fifty Dollars and Zero Cents ($3,350.00) payable to CONCEPCION HERNANDEZ;

        ii. One check in the amount of Three Thousand Three Hundred Fifty Dollars and Zero Cents ($3,350.00) payable to MARIA HERNANDEZ;

        iii. One check in the amount of Three Thousand Three Hundred Dollars and Zero Cents ($3,300.00) payable to CSM LEGAL, P.C.;

    b. A Second Payment of Ten Thousand Dollars and Zero Cents ($10,000.00) to be paid no later than sixty (60) days after Court approval of this Agreement and to consist of:

        i. One check in the amount of Three Thousand Three Hundred Fifty Dollars and Zero Cents ($3,350.00) payable to CONCEPCION HERNANDEZ;

        ii. One check in the amount of Three Thousand Three Hundred Fifty Dollars and Zero Cents ($3,350.00) payable to MARIA HERNANDEZ;

        iii. One check in the amount of Three Thousand Three Hundred Dollars and Zero Cents ($3,300.00) payable to CSM LEGAL, P.C.;

The payment set forth above shall be delivered to the office of CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

    2.    <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

    3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    4.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. <u>Acknowledgments:</u> Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the second business day following first-class mailing thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Clela Errington, Esq.
**CSM LEGAL, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: clela@csm-legal.com

To Defendants:   Baxter & Smith, P.C., 99 N. Broadway, Hicksville, NY 11801

7. <u>Governing Law:</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification:</u> Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiffs acknowledges that they have consulted with Clela Errington, Esq. of CSM Legal, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.

10. <u>Counterparts:</u> To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures,

which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    Concepcion Hernandez

By: _____          Date: 08/01/2022
    Maria Hernandez

DEFENDANTS:

*Defendant Corporations*

By: _____          Date: 7/29/22
    Marcofai Corp.

*Individual Defendants*

By: _____          Date: 7/29/22
    Martin Lebedin

By: _____          Date: 7/29/22
    Cora B. Lebedin

By: _____          Date: 7/29/22
    Faith Barrese

which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____ Date: _____
Concepcion Hernandez

By: _____ Date: _____
Maria Hernandez

DEFENDANTS:

*Defendant Corporations*

By: _____ Date: 7/29/22
Marcofai Corp.

*Individual Defendants*

By: _____ Date: 7/29/22
Martin Lebedin

By: _____ Date: 7/29/22
Cora B. Lebedin

By: _____ Date: 7/29/22
Faith Barrese